**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **GROVANO INC.** individually and on behalf of all other similarly situated, | Case No. 5:24-cv-631 |
| | **CLASS ACTION COMPLAINT** |
| *Plaintiff,* | **DEMAND FOR JURY TRIAL** |
| v. | |
| **ROCKET ENTERPRISES, LLC.** | |
| *Defendant.* | |

## PLAINTIFF'S COMPLAINT

Plaintiff Grovano Inc. ("Plaintiff" or "Grovano") brings this Class Action Complaint and Demand for Jury Trial against Defendant Rocket Enterprises, LLC ("Defendant" or "Rocket Enterprises") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by soliciting using an automatic telephone dialing system or artificial or prerecorded voice to numbers that are charged for the call without the party's express written consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct.

## PARTIES

1. Plaintiff is a Delaware corporation with its principal place of business in San Antonio, Texas.

2. Rocket Enterprises, LLC is an Indiana limited liability company that conducts business in this District.

Complaint - 1

## JURISDICTION AND VENUE

3. <u>Jurisdiction.</u> This Court has federal question subject matter jurisdiction over this action under 28 U.S.C §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. <u>Personal Jurisdiction.</u> This Court has personal jurisdiction over the Defendant because the Defendant transact business in this District and places calls to consumers into this District.

5. <u>Venue.</u> Venue is proper in this District under 28 U.S.C § 1391(b) because the wrongful conduct giving rise to this case was directed into this District.

## INTRODUCTION

6. The Telephone Consumer Protection Act (TCPA) is a federal law enacted in 1991 to protect consumers from unwanted and intrusive telemarketing calls, text messages, and faxes. Recognizing the growing nuisance of automated and unsolicited communications, the TCPA established regulations on the use of autodialers, prerecorded messages, and other technologies used for telemarketing purposes.

7. One key provision of the TCPA is 47 U.S.C. § 227(b) which prohibits the initiation of any telephone call using an automatic telephone dialing system or artificial or prerecorded voice without the prior express written consent of the called party. This includes a telephone call to "any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States." 47 U.S.C. § 227(b)(1)(A)(iii).

8. The TCPA provides a private right of action to any "person or entity" to bring an action based on a violation of 47 U.S.C. § 227 to enjoin such violation, to recover damages, or both. 47 U.S.C. § 227(b)(3).

**FACTUAL ALLEGATIONS**

9. Defendant sells products through an auction system.

10. Defendant uses telemarketing to promote its services and solicit new clients.

11. Plaintiff's number is (210)-610-XXXX.

12. Plaintiff never consented to receive calls using automatic telephone dialing system ("autodialer") or artificial or prerecorded voices from Defendant.

13. Despite this, Defendant sent at least 5 telemarketing messages to Plaintiff's number on April 19, 2023, April 29, 2023, and May 14, 2023.

14. Upon information and belief, Defendant initiated the text messages using an automated system that randomly or sequentially generated Plaintiff's number.

15. Upon information and belief, Defendant initiated the text messages using a prerecorded message to Plaintiff's number.

16. Plaintiff was charged for each of these messages.

17. Plaintiff received the messages in San Antonio, Texas.

18. On April 19, 2023, Plaintiff received 3 unsolicited text messages from or on behalf of Defendant, from 855-905-6316 at 8:45 AM:



19. Plaintiff has never subscribed to receive messages from Defendant or conducted business with Defendant.

20. On April 29, Plaintiff received a 4th unsolicited text message from or on behalf of Defendant, from 855-905-6316, at 4:00 PM:

21. On May 14, 2023, at 5:53 PM, Plaintiff received a 5th unsolicited text message from or on behalf of Defendant, from 855-905-6316:

22. The unauthorized telephonic communications that Plaintiff received from Defendant, as alleged herein, have harmed the Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of their phone, in addition to the wear and tear on

the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

23. Seeking redress for these injuries, Plaintiff, on behalf of itself and a Class of similarly situated individuals and entities, bring suit under the TCPA.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure § 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **The Autodial Class:** All persons in the United States (1) who received one or more call to a service to which the called party is charged for the call 2) using an artificial or prerecorded voice or the same equipment or type of equipment utilized to initiate the calls to Plaintiff 3) within the last four years from the filing of this action.

25. Defendant and its employees or agents are excluded from the Class. Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during the course of this litigation.

26. Plaintiff brings all claims in this action individual and on behalf of Class Members against Defendant.

### Numerosity

27. Members of the Class are so numerous that their individual joinder is impracticable.

28. On information and belief, based on the practices and technology used to call and message Plaintiff, Members of the Class number in the thousands.

29. The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

30. Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

### Commonality

31. Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individuals Class Members.

32. Common legal and factual questions, include, but are not limited to, whether Defendant has violated the Telephone Consumer Protection Act and whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

### Typicality

33. The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class Members, received unsolicited telephonic sales messages from the Defendant without giving them their consent to receive such messages.

### Adequacy of Representation

34. Plaintiff is an adequate representative of the Class because their interests do not conflict with the interests of the Class Members they seek to represent, they have retained competent counsel, and they intend to prosecute this action vigorously.

35. The interest of Class Members will be fairly and adequately protected by Plaintiff and their counsel.

### Superiority

36. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

37. Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

38. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system. This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

39. Individualized litigation also presents a potential for inconsistent or contradictory judgments.

40. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

41. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. 227(b))**
**(On Behalf of Plaintiff and the Auto Dial Class)**

42. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 41 of this Complaint and incorporates them by reference herein.

43. The TCPA's implementing regulation, 47 USC § 227(b), prohibits the initiation of any telephone call using an automatic telephone dialing system or artificial or prerecorded voice without the prior express consent of the called party. This includes a telephone call to "any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States." 47 U.S.C. § 227(b)(1)(A)(iii).

44. TCPA grants a private right of action to entities based on a violation of § 227(b) or the regulations prescribed under § 227(b). *See* 47 U.S.C. § 227(b)(3).

45. Defendant messaged Plaintiff's number at least 5 times using an automatic telephone dialing system or artificial or prerecorded voice without the express written consent of Plaintiff and Plaintiff was charged for the text messages.

46. As a result of Defendant's conduct as alleged herein, Plaintiff and the Auto Dial Class suffered actual damages and, under section 47 U.S.C. § 227(b)(3), are entitled, inter alia, to receive up to $500 in damages for such violation.

47. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by the members of the Auto Dial Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) Certification of the proposed Class;

b) Appointment of Plaintiff as representative of the Class;

c) Appointment of the undersigned counsel as counsel for the Class;

d) An order enjoining Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making calls using artificial or prerecorded voices to numbers that did not provide express written consent, absent an emergency circumstance;

e) An award to Plaintiff and the Class of damages, as allowed by law; and

f) Such further and other relief as the Court deems necessary, just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

DATED this 6th day of June 2024.

Respectfully Submitted,

**Grovano Inc.** individually and on behalf of all others similarly situated,

By:

**ALMANZA TERRAZAS PLLC**
13423 Blanco Rd, PMB 8098
San Antonio, Texas 78216
Telephone: 512-900-9248
Email: paulina@almanza.legal

/s/ **Paulina Almanza**
Paulina Almanza
State Bar No. 24109580
Attorney for Plaintiff Grovano Inc.